IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Repairify, Inc., d/b/a asTech,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:19-CV-1370** |
| | § | |
| **AirPro Diagnostics LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT AIRPRO DIAGNOSTICS, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Subject to, and without waiving its Motions to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and its Motion to Transfer Venue filed pursuant to 28 U.S.C. § 1404(a), Defendant AirPro Diagnostics, LLC ("AirPro") files this Response in Opposition to Plaintiff Repairify, Inc.'s ("asTech") Motion for Expedited Discovery in Anticipation of Preliminary Injunction Hearing, and respectfully requests that the Court deny asTech's motion.

### I.  INTRODUCTION, NATURE, AND STAGE OF PROCEEDING

asTech filed this lawsuit on April 15, 2019. (DK. 1). On May 6, 2019, Plaintiff filed its Application for Preliminary Injunction and its Motion for Expedited Discovery. (DKs. 11-12, respectively). On May 15, 2019, Defendant AirPro filed its Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), and in the alternative, a Motion to Transfer Venue to the Middle District of Florida, Jacksonville Division. (DK. 14).

The parties to this lawsuit are competitors in the automotive remote diagnostic industry. Plaintiff asTech filed suit against Defendant AirPro in the Southern District of Texas, Houston

Division after settling a lawsuit filed in the Middle District of Florida, Jacksonville Division, over the same allegations involving the same parties. asTech now seeks a preliminary injunction in an attempt to shut down its competitor's website on baseless claims that AirPro is disseminating false and misleading information about asTech's diagnostic tool. In pursuit of its preliminary injunction, asTech claims it needs expedited discovery, consisting of interrogatories, requests for production, and depositions of four AirPro representatives. In other words, asTech wants to have the overwhelming majority of its case's discovery occur within a 14-day time period. These incredulous requests give away asTech's endgame – ratchet up the cost of litigation so incredibly in such a short amount of time that AirPro has no option other than to capitulate to asTech's demands.

Simply put, no emergency exists for asTech's discovery requests. In fact, to the extent the allegations contained in its Application for Preliminary Injunction are true, then asTech already has everything it needs to prove its Application for Preliminary Injunction.[1] This is because asTech could support its preliminary injunction by simply demonstrating its product can do what AirPro says it can't. If asTech's product can actually perform in a manner that refutes the information contained on AirPro's website, then no discovery is needed from AirPro.

## II.    STATEMENT OF ISSUES

Before the Court is the issue of whether asTech is allowed to conduct expedited discovery consisting of 23 separate requests for production, 18 interrogatories, and 4 depositions (including Apex depositions) all within the first 60 days of the life of this case. asTech wants to conduct this discovery prior to a hearing on its Application for Preliminary Injunction, and, despite AirPro's challenge to the Court's jurisdiction and venue with timely motions under Federal Rules of Civil

---

[1] AirPro adamantly denies the allegations made by asTech in its Application for Preliminary Injunction.

Procedure 12(b)(2) and 12(b)(3). A district court's order regarding discovery is subject to an abuse of discretion standard of review. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).

### III.   ARGUMENTS AND AUTHORITIES

**A. Whether This Court Has Jurisdiction and Whether Venue is Proper is A Threshold Matter That Must be Decided First**

District courts must have jurisdiction over a case in order to proceed at all in any cause. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle,* 19 L.Ed. 264 (1868)). Jurisdiction is a threshold matter that, if challenged, must be decided first. *See id.* In that same regard, courts faced with an objection to venue must resolve that issue before addressing the merits of any claim, ***including a preliminary injunction***. *Proctor & Gamble Co. v. Ranir, LLC*, No. 1:17-cv-185, 2017 WL 3537197 at *4 (S.D. Ohio Aug. 17, 2017) (citing *Larson v. Galliher*, No. 2:06-cv-1471, 2007 WL 81930 at *1 (D. Nev. Jan. 5, 2007; *Budd Co. v. United States Dep't. of Transp.*, 89 F.R.D. 555, 556 (E.D. Pa. 1981)) (emphasis added). Here, Defendant AirPro has challenged this Court's jurisdiction and venue by filing its Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction and Rule 12(b)(3) Motion to Dismiss for Improper Venue. Defendant has also filed an alternative Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). Accordingly, any ruling regarding Plaintiff's Motion for Expedited Discovery (or its Application for Preliminary Injunction) should be stayed until this Court rules on AirPro's pending Motions to Dismiss and Motion to Transfer Venue.

**B. Standard For Seeking Expedited Discovery**

Although the federal rules usually bar a party from seeking discovery from any source before the Rule 26(f) conference, a court may order expedited discovery upon a showing of good cause. Fed.R.Civ.P. 26(d)(1) ("A party may not seek discovery from any source before the parties

have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Although Rule 26 does not so state, to justify a court order for expedited discovery the party seeking discovery should show good cause. 6A Charles Alan Wright, *et al., Federal Rules of Civil Procedure* § 2046.1 (3d ed. database updated Apr. 2013). Generally "decisions whether to grant or deny leave for early discovery depend on the specific justifications offered in support of the application. Often, courts authorize such discovery limited to specific topics advanced to justify the early commencement of discovery." *Id.* "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *St. Louis Group, Inc. v. Metals and Additives Corp., Inc.,* 275 F.R.D. 236, 239 (S.D. Tex. 2011), citing *Energy Production Corp. v. Northfield Ins. Co.,* Civ. A. No. 10–0933, 2010 WL 3184232, *3 (E.D. La. Aug. 6, 2010), citing in turn *In re Countrywide Fin. Corp.,* 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). Several district courts within the Fifth Circuit have expressly utilized the "good cause" standard when addressing this issue. *See El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.,* 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004); *Paul v. Aviva Life and Annuity Co.,* No. 3-09-CV-1490-B, 2009 WL 3815949, at *1 (N.D. Tex. Nov. 12, 2009); *Rodale, Inc. v. U.S. Preventive Med., Inc.,* No. 4:08-CV-120, 2008 WL 4682043, at *1 (E.D. Tex. Oct. 21, 2008); *Philip Morris USA, Inc. v. Tin's, Inc.,* No. 03-306-D-M3, 2003 WL 22331256, at *1 (M.D. La. Apr. 23, 2003). The burden of showing good cause is on the party seeking the expedited discovery. *St. Louis Group, Inc.*, 275 F.R.D. at 240. Moreover, the subject matter related to requests for expedited discovery should be narrowly tailored in scope. *Id.*

Courts commonly consider the following factors in determining whether good cause exists to order expedited discovery: (1) whether a preliminary injunction is pending; (2) the breadth of

the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *Id.* at 240 n.4. Importantly, expedited discovery is not automatically granted simply because a party seeks a preliminary injunction. *See OrthoAccel Techs., Inc. v. Propel Orthodontics, LLC*, No. 4:16-CV-350, 2016 WL 3747222, at *5 (E.D. Tex. July 13, 2016) (denying expedited discovery when only factor in favor of the plaintiff was a pending preliminary injunction). As explained below, notwithstanding the overly broad, burdensome, and harassing nature of asTech's discovery requests, the balance of interests weigh strongly against allowing even limited, expedited discovery.

### C. AsTech's Discovery Requests Are Overly Broad and Not Narrowly Tailored.

asTech addresses its overly broad discovery requests with the conclusory statement that they are "reasonable in scope." *See* asTech's Motion (DK. 12 at p. 4). To begin with, asTech wants to depose a corporate representative of AirPro without making any attempt to comply with Federal Rule of Civil Procedure 30(b)(6). This rule forces a party to "describe with reasonable particularity the matters for examination" of a corporate representative. Fed. R. Civ. P. 30(b)(6). asTech has failed to provide any list of topics for the corporate representative deposition in its motion. asTech's failure to comply with Rule 30(b)(6) shows how it is simply trying to conduct full discovery of its case on an expedited basis. Without providing a list of topics as required by Rule 30(b)(6), it is impossible for this Court to determine the breadth of the discovery sought, asTech's purpose for requesting the discovery on such an expedited basis, and the true burden on AirPro to comply. Additionally, asTech wants to depose several officers of AirPro on an expedited basis, including AirPro's CEO, Lonnie Margol. Taking the depositions of such key, high ranking officers will disrupt AirPro's operations, which is what Rule 30(b)(6) seeks to prevent. Furthermore,

asTech has utterly failed to explain what information these officers could have that the corporate representative would lack, or why the deposition of these officers is so critical to asTech's preliminary injunction.

Moreover, asTech's written discovery requests are not as limited as it would have this Court believe, as there are twenty-three different requests for production alone. The sheer volume of requests demonstrates how broad in scope asTech's expedited discovery will be. asTech is attempting to conduct full discovery of this case on an expedited timetable and in effect, attempt to establish its causes of action. This is not the purpose of expedited discovery and courts routinely deny such requests. *See OrthoAccel Technologies,* 2016 WL 3747222 at *4 (citing *Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, No. 1:10-cv-229, 2010 WL 1418032, at *2 (W.D. Mich. Apr. 6, 2010); *Better Packages, Inc. v. Zheng*, No. CIV. A. 05-4477, 2006 WL 1373055, at *4-5 (D.N.J. May 17, 2006); *Philadelphia Newspapers, Inc. v. Gannett Satellite Info. Network, Inc.*, No. CIV. A. 98-CV-2782, 1998 WL 404820, at *3 (E.D. Pa. July 15, 1998)). In all of these cases, the courts denied the request for expedited discovery because the requests would essentially encapsulate all discovery needed for the plaintiffs to attempt to prove their causes of action.

Here, asTech essentially requests every document that could be in AirPro's possession that is related to this case. Furthermore, many of the requests seek documents related to the capabilities of AirPro's products and AirPro's confidential client information. *See* Plaintiff's First Set of Expedited Requests for Production of Documents and Things, Nos. 2, 4, (requesting information related to AirPro's customers); *see also* Request for Production Nos 9, 12-16, 20 (requesting information related to the AirPro device) (DK 12-1).

asTech essentially seeks tens of thousands of pages of market materials, internal company communications, and research and development of AirPro's own products, which would contain

confidential information protected by the trade-secret privilege. Explained further below, AirPro would need to search a large amount of data, including electronically-stored information, to produce documents responsive to these broad and numerous requests for production. *See* **Exhibit A**. In sum, in its twenty-three expedited requests for production, asTech essentially seeks to compel AirPro to produce the majority, in not all, of the potentially relevant documents in this case.

In addition to the four depositions and twenty-three requests for production, asTech has also served eighteen interrogatories. This is further evidence of asTech's intent to abuse the expedited discovery process and conduct a full discovery of this case in an expedited manner. For example, Interrogatory No. 18, states "Identify all allegedly false claims AirPro contends that asTech has made about AirPro." *See* Plaintiff's First Set of Expedited Interrogatories to Defendant, DK. 12-1, at p. 18.  Given the fact that AirPro has asserted no counterclaims, nor even an answer in this lawsuit, any alleged false claims asTech has made about AirPro have no relevance whatsoever to asTech's preliminary injunction regarding the alleged false and misleading advertisements.

Because asTech's document requests, deposition topics, and interrogatories are not narrowly tailored to obtain information that could be relevant to a preliminary injunction hearing, AirPro respectfully requests that this Court deny asTech's motion.

**D. AsTech's Discovery Requests are Overly Burdensome.**

The discovery sought by asTech would represent a substantial burden on AirPro. At this time, the parties have not even engaged in a Rule 26(f) conference. Moreover, AirPro estimates that it may need to search tens of thousands of documents to respond to asTech's broad requests. *See* **Exhibit A** at ¶¶ 5-6. For instance, in order to segregate and gather potentially responsive emails, AirPro will need to search the emails of more than 61 employees, many of whom receive

thousands of emails a month. *Id.* A search of potentially relevant communications and emails within the expedited timeframe would require me to pull at least four to six employees off of their daily duties. *Id.* at ¶ 5.

Similarly, it will take a considerable amount of time and resources to determine whether any of these employees have any documents or information responsive to asTech's discovery requests. *Id.* at ¶ 6. AirPro would be forced to pull an additional four to six employees from their daily jobs in order to search, organize, and produce the potentially relevant documents to AirPro's attorney for review. *Id.* It would be extremely burdensome to pull employees off their daily jobs to search, flag, and corral tens, if not hundreds of thousands of emails and documents company-wide, within a 14-day window. *Id.* at ¶¶ 4-7. This would grind AirPro's daily operations to a halt. *Id.* In sum, AirPro would be required to pull a minimum of twenty percent (20%) of its workforce from their daily jobs in order to accommodate asTech's expedited discovery requests. *Id.* at ¶ 7. Perhaps that is asTech's goal, but this Court should not allow it.

Finally, there is currently no protective order in place to protect the parties' respective confidential and/or trade secret information from disclosure. Before AirPro can produce documents or provide corporate testimony in this case, it will need to move for the entry of a confidentiality/protective order. This factor weighs in favor of AirPro.

### E. AsTech Has Failed to Articulate How It Will Be Harmed by Delaying Discovery

asTech has failed to demonstrate how it will be harmed by delaying its discovery requests until after a Rule 26 conference. asTech's only alleged basis for irreparable harm is its unsupported assertion that AirPro is interfering with "asTech's existing and prospective business relationships within the industry." *See* DK. 12 at p. 1. Specifically, asTech has failed to present any evidence of how it is suffering imminent harm in general, let alone how it is suffering such harm as to

necessitate expedited discovery. Accordingly, there is no basis for expedited document production or interrogatories. Further, there is no reason to conduct depositions before the parties' Rule 26(f) conference and the production of relevant documents. This factor weighs in favor of denying expedited discovery because asTech cannot show how it is being harmed outside of threadbare, conclusory allegations masquerading as facts.

The final factor to be considered is how far in advance of the normal discovery process the expedited request was made. asTech filed its complaint on April 15, 2019. (DK. 1). Based on this Court's Order dated April 16, 2019 (DK. 2), the parties' initial pretrial and scheduling conference is set for August 23, 2019. asTech's request is months ahead of the normal discovery process, and only a little more than a month after asTech filed its initial complaint. This factor also weighs in favor of AirPro and in favor of denying expedited discovery. asTech will not be harmed by delaying its discovery requests until the parties' conference and by subsequently serving them in accordance with the normal deadlines established by the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, AirPro respectfully requests that the Court deny asTech's Motion for Expedited Discovery in its entirety.

Respectfully submitted,

/s/ Brett M. Chisum

Brett M. Chisum
*Attorney-in-Charge*
State Bar No. 24082816
Southern District of Texas Bar No. 2099500
bchisum@mccathernlaw.com
Doni Mazaheri
State Bar No. 24110864
Southern District of Texas Bar No. 3380638
dmazaheri@mccathernlaw.com
**McCathern, PLLC**

>Regency Plaza
>3710 Rawlins, Suite 1600
>Dallas, Texas 75219
>214-741-2662 Telephone
>214-741-4717 Facsimile
>**Attorneys for Defendant AirPro Diagnostics, LLC**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, a copy of the foregoing has been served on all counsel of record through the Court's electronic filing system on May 28, 2019.

>/s/ Brett M. Chisum
>Brett M. Chisum